1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FACTORY SALES AND ENGINEERING, INC., d/b/a FSE ENERGY, a Louisiana corporation,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>    v.<br><br>NIPPON PAPER INDUSTRIES USA CO., LTD., a Washington corporation,<br><br>    Defendant/Counterclaim Plaintiff. | No. 3:14-cv-05899-RJB<br><br>**ORDER ON MOTION TO CONSOLIDATE** |
| FACTORY SALES AND ENGINEERING, INC., d/b/a FSE ENERGY, a Louisiana corporation,<br><br>    Third Party Plaintiff,<br><br>    v.<br><br>OPTIMUS INDUSTRIES, L.L.C. d/b/a CHANUTE MANUFACTURING COMPANY, an Delaware limited liability company,<br><br>    Third Party Defendant. | |

ORDER RE: MOTION TO CONSOLIDATE - 1

| | |
|---|---|
| FACTORY SALES AND ENGINEERING, INC., d/b/a FSE ENERGY, a Louisiana corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FACTORY MUTUAL INSURANCE COMPANY, a Rhode Island corporation; and NIPPON PAPER INDUSTRIES USA CO., LTD, a Washington corporation,<br><br>　　　　　Defendants. | No. 3:15-cv-05131 RJB |
| OPTIMUS INDUSTRIES LLC d/b/a CHANUTE MANUFACTURING COMPANY, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FACTORY MUTUAL INSURANCE COMPANY, a foreign insurance company,<br><br>　　　　　Defendant. | No. 3:15-cv-05149 RJB |

THIS MATTER comes before the Court on a motion by Factory Sales and Engineering, Inc. ("FSE") to consolidate three cases:

(1) *FACTORY SALES AND ENGINEERING, INC., d/b/a FSE ENERGY v. NIPPON PAPER INDUSTRIES USA CO., LTD.*; *FACTORY SALES AND ENGINEERING, INC., d/b/a FSE ENERGY v. OPTIMUS INDUSTRIES LLC d/b/a CHANUTE MANUFACTURING COMPANY,* No. 3:14-CV-05899-RJB (the "FSE/Nippon Action"); and

(2) *FACTORY SALES AND ENGINEERING, INC. d/b/a FSE ENERGY v. FACTORY MUTUAL INSURANCE COMPANY and NIPPON PAPER INDUSTRIES USA CO., LTD*, No. 3:15-CV-05131-RJB (the "FSE/FM Insurance Action"); and

ORDER RE: MOTION TO CONSOLIDATE- 2

(3) *CHANUTE MANUFACTURING COMPANY v. FACTORY MUTUAL INSURANCE COMPANY*, No. 3:15-CV-05149-RJB (the "CHANUTE/FM Insurance Action")

Nippon Paper Industries USA Co. Ltd. ("Nippon") and Optimus Industries, LLC d/b/a Chanute Manufacturing Company ("Chanute") join in FSE's motion. 3:14-CV-05899-RJB, Dkt. 41, 45. The Court will refer to FSE, Nippon, and Chanute collectively as "Movants" and to Factory Mutual Insurance Company ("FM Insurance"), who opposes the motion, as "Opponent." 3:15-CV-05149-RJB, Dkt. 14. The Court has reviewed Movants' motions, the responsive briefing from Opponent, and the remainder of the file therein.

## I. BACKGROUND

The three cases that Movants seek to consolidate stem from the same set of facts. Nippon, owner of a biomass power facility, and FSE, a contractor, executed a contract ("the Contract") for FSE's "design, manufacture, shipping, erection and successful testing" of a biomass boiler. 3:14-5131-RJB, Dkt. 23-1, at 3. The Contract contains a "Waivers of Subrogation" provision between Nippon and FSE and requires that Nippon obtain and maintain contractor's insurance, which Nippon did prior to commencement of construction by FSE and its subcontractor, Chanute. *Id.*, at 14, 15. *See* 3:14-5131-RJB, Dkt. 23-2.

Opponent, FM Insurance, designated Nippon as its Named Insured in issuing a one-year insurance policy. *Id.*, at 7. The Policy contains a Property Damage provision, which specifies the scope of the insurance to "insure the following property . . . to the extent of the interest of the Insured" and to "also insur[e] the interest of contractors and subcontractors in insured property during construction[.]" *Id.*, at 16. Pursuant to the Contract, FSE undertook the installation of a "mud drum," which was fabricated by Chanute, but for reasons contested by the parties, the mud drum caused damage to Nippon's boiler. *Id.*

## II. DISCUSSION

ORDER RE: MOTION TO CONSOLIDATE- 3

Movants argue that three cases should be consolidated because each case requires the resolution of at least three common issues: (1) the cause of damage to the mud drum; (2) the scope of the Policy's coverage; and (3) the scope of the Contract. 3:14-CV-5899-RJB, Dkt. 36, 4-7. Consolidating the cases avoids duplicative litigation, unnecessary expense, delay to the parties, and conflicting rulings, Movants contend, and there is no prejudice to the parties by consolidating. *Id*., at 6-8.

Opponent agrees with Movants that the cause of damage to the mud drum and scope of the Policy's coverage are relevant to FM Insurance's cases, but according to Opponent, the scope of the Contract is not "common" to FM Insurance's cases, since the Contract was executed between FSE and Nippon. 3:14-CV-5149-RJB, Dkt. 14, at 2, 5. Moreover, Opponent argues, consolidating the cases causes prejudice to FM Insurance, and the rules provide for other remedies other than *en masse* consolidation, such as bifurcated trials, that would better serve the ends of justice. *Id*., at 5-7.

In its entirety, Fed. R. Civ. Pro. 42 provides as follows:

> (a) CONSOLIDATION. If actions before the court involve a common question of law or fact, the court may:
>     (1) join for hearing or trial any or all matters at issue in the actions;
>     (2) consolidate the actions; or
>     (3) issue any other orders to avoid unnecessary cost or delay.
> (b) SEPARATE TRIALS. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

As indicated by Rule 42's use of the word "may," the decision to join hearings or trials is a discretionary decision. *See* Fed. R. Civ. Pro. 42. District Court judges are afforded broad discretion, subject only to an abuse of discretion standard on appeal. *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777 (9th Cir. 1989).

ORDER RE: MOTION TO CONSOLIDATE- 4

In this case, the Court finds that the three cases (*supra*) should be consolidated. Although the parties have very different interests in the three respective matters, all three cases share common questions of law and fact. Taking the facts as alleged and without commenting on the merits or likely outcome at trial, the Court can foresee significant overlap in the three main issues at trial: the cause of the damage, the scope of the Contract, and the scope of the Policy. Opponent only contests the relevancy of the scope of the Contract, but Opponent's argument is misguided. Although, unlike FSE and Nippon, FM Insurance was not a signatory to the Contract, interpreting the Policy and resolving the cause of the damage definitively affect the application of the Policy. For example, the Contract arguably impacts coverage under the Policy where the Contract contains a subrogation clause. In fact, the Complaint in the FSE/FM Insurance action relies on the Contract's subrogation clause at length. *See* 3:14-CV-5899-RJB, Dkt. 1, at 3.

FM Insurance's argument that FM Insurance is prejudiced by consolidation is unpersuasive. FM Insurance argues "equity should trump purported 'efficiency'" but fails to articulate how litigating a case stemming from the same set of facts is prejudicial, especially where FM Insurance has been integrally involved in the resolution of the damage.

Furthermore, issues of bifurcating trials can be addressed and resolved in the future. Consolidation does not prevent bifurcation.

* * *

Therefore, it is hereby

ORDERED, ADJUDGED AND DECREED that the following cases shall be consolidated: Case Nos. 3:14-CV-05899-RJB, 3:15-CV-05131-RJB, and 3:15-CV-5149-RJB.

All future pleadings, hearings and trial shall be presented to this Court under Case No. 3:14-cv-05899-RJB.

ORDER RE: MOTION TO CONSOLIDATE- 5

The parties are requested to submit an updated Joint Status Report to the Court within 14 days of the issuance of this order.

DATED this 18th day of June, 2015.

*Robert J Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER RE: MOTION TO CONSOLIDATE- 6